# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| EDWARD MORIMOTO | § | |
| | § | |
| V. | § | CASE NO. 4:05CV431 |
| | § | (Judge Schell/Judge Bush) |
| UNIVERSITY OF NORTH TEXAS | § | |
| SYSTEM | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss (Docket #5).  Having considered the motion, Plaintiff's response, and Defendant's Reply, the Court finds as follows.

Plaintiff filed his original complaint on November 8, 2005 alleging that Defendant violated Title VII, 42 U.S.C. 2000e, *et seq.* and 42 U.S.C. § 1981 when it terminated him.  Plaintiff made claims for race and national origin discrimination as well as retaliation.  Plaintiff also requested punitive damages.  Defendant moved for dismissal on January 12, 2006.  Defendant argued that Plaintiff's § 1981 claim was barred by Defendant's 11th Amendment Immunity and that Plaintiff lacked statutory authority to pursue his claim for punitive damages.  Defendant also argued that Plaintiff's Title VII claim was barred by Plaintiff's failure to exhaust administrative remedies.  In his response, Plaintiff conceded that his § 1981 claim and request for punitive damages should be dismissed.  Therefore the only issue before the Court is whether Plaintiff's Title VII claim should be dismissed. Defendant has moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

1

## Dismissal Standards

When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, a Court should consider the jurisdictional attack before deciding whether the Plaintiff has failed to state a claim. *Tayler v. Dam*, 244 F. Supp. 2d 747, 755 (S.D. Tex. 2003). When ruling on a Rule 12(b)(1) motion to dismiss, the Court may consider: (1) the complaint by itself; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts and the Court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001). It is incumbent upon federal court's to dismiss an action whenever it appears that there is no subject matter jurisdiction. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A Court shall dismiss a case for lack of subject matter jurisdiction whenever it lacks statutory or constitutional authority to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden to establish federal jurisdiction rests with the party asserting it. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Prior decisions of both the United States Supreme Court and the Fifth Circuit Court of Appeals have made it clear that a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted should not be granted lightly. For a complaint to be dismissed for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Reeves v. City of Jackson, Mississippi*, 532 F.2d 491 (5th Cir. 1976).

Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying the plaintiff an opportunity to develop facts to support his

complaint. Moreover, sufficient procedures are available to a defendant to seek summary disposition of a lawsuit after a plaintiff has been afforded some opportunity to develop facts to support his complaint. *Reeves*, 532 F.2d at 494.

## Analysis

Defendant claims that Plaintiff's claim should be dismissed for failure to exhaust administrative remedies. Specifically, Defendant complains that Plaintiff failed to obtain a right-to-sue letter from the United States Attorney General prior to filing suit, as is required by 42 U.S.C. 2000e-5(f)(1) when a Plaintiff is suing a governmental entity. While Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), Plaintiff concedes that he neither received nor specifically sought a right-to-sue letter from the Attorney General or Department of Justice. Further, Plaintiff argues that seeking a right-to-sue letter would have been futile as 29 C.F.R. 1606.28(d) states that the Attorney General may only issue a right-to-sue letter upon a finding of just cause and that, absent such a finding, the EEOC alone has the authority to issue a right-to-sue letter.

Both parties cite *Solomon v. Hardison*, 746 F.2d 699 (5th Cir. 1985) in support of their positions. In *Solomon*, the Fifth Circuit stated that the requirement that the Attorney General issue a right-to-sue letter "is not jurisdictional, but instead is subject to equitable waiver, modification, or estoppel." *Solomon*, 746 F.2d at 701. The Court found waiver appropriate only because the plaintiff's attorney had sought a right-to-sue letter from the Attorney General and had his request refused in writing. Both parties likewise rely upon *Garrett v. City of Houston*, 102 Fed. App'x 863 (5th Cir. 2004) in support of their positions. In *Garrett*, the Court affirmed the district court's dismissal of Plaintiff's Title VII claim because Plaintiff was never issued a right-to-sue letter from

the Attorney General. *Garrett*, 102 Fed. App'x at 864. Although the Court acknowledged that issuance of a right-to-sue letter was not a jurisdictional prerequisite, it also noted that appellant failed to show any reason, and the Court found no reason, why the dismissal should not stand.

In the present case, Plaintiff makes no argument that he ever sought a right-to-sue letter. He only argues that it would be inequitable, at this stage, to force him to request such a letter. The law of this Circuit, however, supports dismissal under circumstances such as these. Had Plaintiff made an effort to obtain a right-to-sue letter and been denied, the Court might find waiver to be appropriate. However, in this instance, Plaintiff argues that he did not seek the letter under the belief that such would be futile. Not only has Plaintiff failed to fully exhaust his administrative remedies, but he has failed to even attempt to do so.

## **RECOMMENDATION**

Based upon the foregoing, the Court finds that Defendant's Motion to Dismiss should be GRANTED, that Plaintiff's claims under §1981 and for punitive damages should be DISMISSED WITH PREJUDICE and that Plaintiff's Title VII claims should be DISMISSED WITHOUT PREJUDICE.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 20th day of March, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE